**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

JADE PRESENTS, LLC,                     Case No. 26-30438
                                        Chapter 11

      Debtor.


In re:                                  Case No. 26-30439
                                        Chapter 11
TICKETS300, LLC,

      Debtor.                            (Joint Administration Motion Pending)


**ETIX, INC.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH
RESPECT TO FIRST DAY MOTIONS [ECF 2, 3, 4]**


Etix, Inc. ("Etix"), a creditor and counterparty to a Ticketing Services Agreement and Addendum with debtor Tickets300, LLC ("T300"), by and through undersigned counsel, hereby files this Limited Objection and Reservation of Rights with respect to the Debtors' First Day Motions, specifically: (i) Motion for Joint Administration [ECF 2]; (ii) Motion to Establish Notice and Claim Protocols [ECF 3]; and (iii) Motion to Utilize FDIC-Insured Depository Accounts [ECF 4] (collectively, the "First Day Motions"). In support thereof, Etix states as follows:

**INTRODUCTION**

Etix is an official, web-based event ticketing company that provides exclusive ticketing services, merchant processing and settlement, ticketing fee administration, and rental equipment to T300 pursuant to a Ticketing Services Agreement and Addendum (the "TSA"). The TSA is listed on T300's Schedule G as an executory contract.

In connection with the TSA, Etix advanced T300 approximately $1.2 million for upcoming concerts and shows promoted by Jade Presents, LLC ("Jade Presents" and, together with T300, the "Debtors"). It is Etix's understanding that many, if not all, of these shows have been or will be cancelled. If those shows are cancelled, thousands of ticket purchasers who purchased tickets through etix.com will demand refunds from Etix—despite the fact that Etix already advanced the corresponding funds to T300. Additionally, Etix anticipates a significant volume of credit card chargebacks processed against its merchant accounts for tickets to cancelled events. Under the TSA, T300 contractually assumed all responsibilities for refunds and customer inquiries arising from cancelled events and agreed to indemnify and hold Etix harmless from any such claims.

T300's schedules reflect total assets of $0.00. Its sole executory contracts of note are the TSA with Etix, a storage lease with Jade Nielson Properties, LLC, and a ticketing services agreement with Jade Presents. Etix is among the largest creditors of these estates by any measure, and its interests are directly and substantially affected by the First Day Motions.

### LIMITED OBJECTION

Etix does not oppose the general relief requested in the First Day Motions. Etix does, however, raise the following limited concerns:

I.      **Motion to Establish Notice and Claim Protocols [ECF 3]**

The Debtors' proposed Ticket Claim Form, attached to the Motion as Exhibit B, asks ticket holders to identify the source of their ticket purchases, listing "etix.com" as an example purchase channel alongside third-party resale platforms such as StubHub, Facebook Marketplace, and eBay. Etix is concerned that, without appropriate clarifying language, the inclusion of "etix.com" on the Ticket Claim Form and in associated notices could create an impression among ticket holders that Etix bears liability for refunds in connection with these bankruptcy cases. Etix is a non-debtor

2

counterparty to the TSA. It is not an affiliate, insider, or alter ego of either Debtor. Its inclusion on the claim form as a purchase channel should not be construed as an acknowledgment that Etix is responsible for ticket refund obligations that are properly claims against one or both of the Debtors' estates.

Accordingly, Etix respectfully requests that any order approving the Notice and Claim Protocols include language clarifying that Etix is a non-debtor entity that served as a ticketing platform under contract with T300, and that ticket refund monies are currently held by the Debtors' bankruptcy estates. While Etix does not seek to limit any consumer's rights under the Fair Credit Billing Act or other applicable law, Etix respectfully submits that the notice to ticket holders should inform consumers that formal claims for refunds against the Debtors must be filed through the Court-approved claims process.

Additionally, the Debtors represent that they possess an e-mail list "thought to contain information for most—if not all—persons who directly purchased tickets for forthcoming impacted shows," and that "the list is derivative of addresses used to deliver tickets in the first instance." To the extent this e-mail list was generated through or derived from Etix's ticketing platform, Etix reserves its rights to assert that any use of such data must be consistent with the terms of the TSA and applicable data privacy obligations and consumer protection statutes.

## II.      Motion to Utilize FDIC-Insured Depository Accounts [ECF 4]

Etix does not oppose the Debtors' continued use of FDIC-insured depository accounts at Bravera Bank. However, Etix notes that it advanced approximately $1.2 million to T300 for upcoming shows, which funds were intended under the TSA to be deposited with venues and artists to secure performances. T300's schedules nonetheless reflect $0.00 in total assets—including $0.00 in cash and $0.00 in accounts receivable. Etix is concerned about the disposition of funds

3

advanced under the TSA and respectfully requests that any order authorizing the continued use of depository accounts include a provision requiring the Debtors to (a) provide an accounting of the approximately $1.2 million advanced by Etix to the Debtors; and (b) maintain adequate books and records regarding the source and disposition of all funds flowing through the authorized accounts, and to make such records available to the Court, the United States Trustee, and creditors upon request.

### III.   Motion for Joint Administration [ECF 2]

Etix does not object to the joint administration of these cases. Etix notes, however, that the Debtors have expressly reserved the right to seek substantive consolidation at a later date. Etix's primary contractual relationship is with T300 under the TSA, not with Jade Presents. Etix reserves all rights to object to any future motion for substantive consolidation to the extent such consolidation would impair Etix's claims or alter the relative priorities of the two estates.

<strong>RESERVATION OF RIGHTS</strong>

Etix expressly reserves all rights, claims, and defenses arising under the TSA, applicable law, and the Bankruptcy Code, including without limitation: (a) rights of setoff under 11 U.S.C. § 553 with respect to any funds held by Etix; (b) claims arising from the Debtors' assumption or rejection of the TSA under 11 U.S.C. § 365; (c) claims for the return of rental equipment provided to T300 under the TSA; (d) rights to seek adequate protection, relief from the automatic stay, or other appropriate relief; (e) rights to object to any proposed plan of reorganization or substantive consolidation; and (f) rights to examine the Debtors' principals regarding the disposition of funds advanced by Etix.

Nothing in this Limited Objection shall be construed as a consent to the jurisdiction of this Court over any dispute between Etix and non-debtor third parties, or as a waiver of any right, claim, or defense of Etix.

**CONCLUSION**

WHEREFORE, Etix, Inc. respectfully requests that this Court: (i) consider the foregoing limited objections in connection with the First Day Motions; (ii) include appropriate clarifying language in any order approving the Notice and Claim Protocols to address Etix's non-debtor status and inform ticket holders that claims against the Debtors should be pursued through the Court-approved claims process; (iii) require an accounting of funds previously advanced by Etix to T300 and adequate recordkeeping of fund flows through the Debtors' depository accounts; and (iv) grant such other and further relief as this Court deems just and proper.

Dated this 11th day of June, 2026.

MESSERLI & KRAMER P.A.

*/s/ David M. Tanabe*
David M. Tanabe (ND #10117)
50 S. Sixth St., Ste. 2300
Minneapolis, MN 55402
Phone: 612.672.3600
Email: dtanabe@messerlikramer.com


ATTORNEYS FOR ETIX, INC.

## CERTIFICATE OF SERVICE

I, David M. Tanabe, hereby certify that on June 11, 2026, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all registered participants.

*/s/ David M. Tanabe*
David M. Tanabe

6