IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 26-30438 |
| | ) | (Chapter 11) |
| JADE PRESENTS, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | Case No. 26-30439 |
| | ) | (Chapter 11) |
| TICKETS300, LLC | ) | |
| | ) | (Jointly Administered) |
| Debtor | ) | |
| | ) | |

## REPORT PURSUANT TO 11 U.S.C. § 1188

Come now Jade Presents, LLC ("Jade Presents") and Tickets300, LLC ("T300") (collectively, the "Debtors," and each a "Debtor"), by and through undersigned counsel, pursuant to Section 1188 of Title 11 of the United States Code (the "Bankruptcy Code") and reports as follows:

These jointly administered cases are, at bottom, the orderly liquidation of a longstanding live event promotion and ticketing enterprise. The Debtors are not endeavoring to reorganize in a traditional sense and do not anticipate emerging from these proceedings as reorganized going concerns; they nonetheless believe there to be genuine synergies in the use of Chapter 11 as a vehicle for this wind-down, having elected to proceed under Subchapter V so as to capture the efficiencies and economics attendant thereto.

Since the commencement of these cases on June 6, 2026, the Debtors have worked cooperatively with the Subchapter V trustee, the Office of the United States Trustee, and various creditor constituencies. The Debtors have appeared before this Honorable Court for a hearing on their first day motions, obtained joint administration of these cases on a final basis, secured

1

authority to utilize FDIC-insured depository accounts, and resolved issues raised by the Office of the United States Trustee concerning ordinary course creditors. The Debtors have equally devoted substantial energy to the claims process, including securing entry of an order establishing notice and claim protocols—inclusive of a simplified proof of claim form for ticket holders—pursuant to which notice of these cases has been served upon ticket holders and ticket purchasers. These efforts are aimed at ensuring that the population of unknown ticket holders, a constituency of paramount concern to the Debtors, may participate in these cases with a minimum of friction.

At present, the Debtors anticipate filing a plan of reorganization within the time permitted by Section 1189(b) of the Bankruptcy Code, to wit, on or before September 4, 2026. While the precise contours of that plan remain under development, the Debtors presently anticipate that the plan will, more likely than not, seek substantial consolidation of the two estates, as the Debtors' respective obligations are substantially redundant of one another and their affairs intertwined. The Debtors further anticipate that the plan will provide for the creation of a liquidating trust and will designate an individual to serve on behalf of that trust, charged with administering estate assets, reconciling claims, and pursuing estate causes of action for the benefit of creditors.

Among those causes of action, the Debtors are presently investigating and reviewing documents concerning certain prepetition merchant cash advance transactions—involving multiple counterparties and aggregate account debits well in excess of $1 million—and anticipate that this review may result in the commencement of one or more adversary proceedings. The fruits of this investigation—and any ensuing litigation—stand to inure to the benefit of the Debtors' estates and are expected to be administered through the liquidating trust contemplated by the forthcoming plan. The Debtors reserve all rights, claims, causes of action, defenses, and remedies

2

arising from or relating to these transactions and any other matters identified through their continuing investigation.

The Debtors recognize that these cases present practical challenges, most notably the identification of, and provision of notice to, ticket holders, the resolution of the merchant cash advance issues described above, and the recently filed motion of Bravera Bank for relief from the automatic stay, to which the Debtors will timely respond. Nevertheless, the Debtors remain confident that, through continued cooperation with the Subchapter V trustee and other parties in interest, these issues can be addressed and a path toward confirmation of a consensual plan of liquidation can be achieved. The Debtors will continue to advance these cases toward that objective while preserving estate assets, investigating potential recoveries, and minimizing unnecessary administrative expense.

Respectfully Submitted,

Dated: July 20, 2026                    By:    /s/ Christianna A. Cathcart
                                               Christianna A. Cathcart, Esq.
                                               The Dakota Bankruptcy Firm
                                               1630 1st Avenue North
                                               Suite B PMB 23
                                               Fargo, ND 58104-4246
                                               Phone: (701) 970-2770
                                               christianna@dakotabankruptcy.com
                                               *Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

                                               /s/ Christianna A. Cathcart
                                               Christianna A. Cathcart

3