## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Jade Presents, LLC,<br><br>    Debtor, Jointly Administered. | Case No.: 26-30438<br><br>Chapter 11 – Subchapter V |
| In Re:<br><br>Tickets 300, LLC,<br><br>    Debtor, Jointly Administered. | Case No.: 26-30439<br><br>Chapter 11 – Subchapter V |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

DFI AU LLC ("DFI") moves the Court, pursuant to 11 U.S.C. § 362(d), Federal Rules of Bankruptcy Procedure 4001 and 9014 for entry of an order granting relief from the automatic stay for cause, as more fully set forth below, to permit DFI to exercise and enforce its state-law rights and remedies, including foreclosure and liquidation, with respect to real properties owned by DFI but subject to a contract for deed with Jade Nielsen Properties, LLC ("Jade Properties") and with respect to the removal of personal property that is owned by Debtor Jade Presents, LLC ("Debtor") located therein.

### JURISDICTION AND VENUE

1.      On June 6, 2026 (the "Petition Date"), Jade Presents, LLC ("Debtor") filed a Chapter 11, Subchapter V petition for relief under the United States Bankruptcy Code in the U.S. Bankruptcy Court for the District of North Dakota. The case is now pending before the Court.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This motion and the relief requested herein are section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001(a) and 9014.

## FACTUAL BACKGROUND

5. DFI and Jade Properties entered into a Contract for Deed dated June 14, 2024 (the "Contract for Deed"), as amended by the First Amendment dated January 7, 2025 ("First Amendment"), and as amended by the Second Amendment dated July 17, 2025 ("Second Amendment"), as amended by the Third Amendment dated August 18, 2025 ("Third Amendment"), and as amended by the Fourth Amendment dated December 4, 2025 ("Fourth Amendment") with respect to the following described real property:

**Lot One, in Block One, of the Corrected Plat of the Edge Addition to the City of Fargo, situate in the County of Cass and the State of North Dakota.**

**Street Address: 1329 5th Ave. N., Fargo, ND 58102**

(the "Property").

A true and correct copy of the Contract for Deed and Amendments is attached as **Exhibit A** and terms of the same incorporated by reference.

6. A Memorandum of Contract for Deed dated June 14, 2024 was recorded with the Cass County Recorder's Office on June 17, 2024 as Document No. 1713714. A true and correct copy of the Memorandum is attached as **Exhibit B** and terms of the same incorporated by reference.

2

7. The Contract for Deed is in default by Jade Properties' failure to make the payment of $20,000 due on or before January 31, 2026 as an additional non-refundable downpayment, the April 1, 2026 interest payment of $3,765.63, the May 1, 2026 interest payment of $3,891.15, and the final closing payment of $582,500 in principal due on or before June 1, 2026 as set forth in the Contract for Deed, as amended by the Fourth Amendment.

8. The Debtor does not hold title to the Property and is also not the vendee/buyer under the Contract for Deed (thus it is not property of the estate) but it has indicated that certain of Debtor's personal property is located on the Property. *See* Statement of Financial Affairs, No. 20. [ECF 63]

9. Because the Debtor has indicated its personal property is located on the subject Property, DFI seeks relief from the stay to eliminate any dispute about the applicability of the stay and to proceed with in rem state-law enforcement against the Property and for removal of Debtor's personal property without delay.

## RELIEF REQUESTED

10. Cause exists under 11 U.S.C. § 362(d) to grant relief from the automatic stay to permit DFI to commence enforcement of its rights and remedies, including foreclosure and liquidation under North Dakota law with respect to the Property and for the removal of Debtor's personal property located therein.

11. DFI requests that pursuant to Bankruptcy Rule 4001(a)(4) any order entered granting DFI relief from the stay be effective immediately as the real property is not owned by the Debtor.

## ARGUMENT

12.     By virtue of the aforementioned monetary defaults, DFI is entitled to pursue rights and remedies, including foreclosure and liquidation under North Dakota law with respect to the Property and the removal of any of Debtor's personal property that may be located therein.

13.     U.S.C. § 362(d), in relevant part, provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[.]

14.     Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the stay for "cause", including a lack of adequate protection. *In re Martens*, 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005) ("any reason whereby a creditor is receiving less than [its] bargain from a debtor and is without a remedy because of the bankruptcy proceeding."). DFI is entitled to relief for cause due to the pre and post-petition payment defaults and arrearages continue accruing.

15.     Section 362(d)(2) also permits the court to grant relief from the stay because the Debtor has no equity (or ownership interest) in the Property. Additionally, all indications appear this is likely to be a liquidating plan.

4

**PRAYER FOR RELIEF**

16.     WHEREFORE, DFI respectfully requests that this Court grant it relief from the automatic stay to exercise its rights under applicable non-bankruptcy law and awarding any other relief the Court deems just and equitable. Because the Debtor has no ownership interest in the Property, DFI requests that pursuant to Bankruptcy Rule 4001(a)(4) any order entered granting DFI relief from the stay be effective immediately.

Dated this 21st day of July, 2026.

**VOGEL LAW FIRM**

BY:*/s/ Caren W. Stanley*

Caren W. Stanley (#06100)
cstanley@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
ATTORNEYS FOR DFI AU LLC

5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re: | Case No.: 26-30438 |
| Jade Presents, LLC, | Chapter 11 – Subchapter V |
| Debtor, Jointly Administered. | |
| In Re: | Case No.: 26-30439 |
| Tickets 300, LLC, | Chapter 11 – Subchapter V |
| Debtor, Jointly Administered. | |

**NOTICE OF MOTION**

TO:    ALL INTERESTED PARTIES

NOTICE IS HEREBY GIVEN that DFI AU LLC ("DFI") moves this Court for relief from the automatic stay ("Motion") to permit it to exercise its contract and state law remedies in foreclosing against and liquidating certain real property that is owned by DFI but subject to a Contract for Deed with a non-debtor entity and for removal of Debtor's personal property which is located therein, and as further described in this Motion.

NOTICE IS FURTHER GIVEN that written objections to said motion, if any, shall be filed with the Clerk of the United States Bankruptcy Court, whose address is 655 First Avenue North, Suite 210, Fargo, ND 58102-4932, with a copy mailed to counsel for DFI whose name and address is listed below, within fourteen (14) days from the date of the mailing of this Notice. Any objections not filed and served may be deemed waived.

Dated this 21st day of July, 2026.

**VOGEL LAW FIRM**


BY:*/s/ Caren W. Stanley*
      Caren W. Stanley (#06100)
      cstanley@vogellaw.com
      218 NP Avenue
      PO Box 1389
      Fargo, ND  58107-1389
      Telephone:  701.237.6983
      ATTORNEYS FOR DFI AU LLC

Re:   **In Re: Jade Presents, LLC and Tickets 300, Jointly Administered
Case No. 26-30438 and Case No.: 26-30439 Jointly Administered**

STATE OF NORTH DAKOTA      )
                          )  SS      **CERTIFICATE OF SERVICE**
COUNTY OF CASS             )

Katherine Johnson, being first duly sworn, does depose and say:  she is of legal age and not a party to or interested in the above-entitled matter.

On July 21, 2026, affiant caused the following document(s):

**MOTION FOR RELIEF FROM AUTOMATIC STAY
NOTICE OF MOTION
PROPOSED ORDER**

to be served by United States postal mail on:

Jade Presents, LLC
1320 1st Ave N
Fargo, ND 58102-4202


to be served electronically to the following:

all CM/ECF participants




_/s/ Katherine Johnson_
Katherine Johnson


Subscribed and sworn to before me this 21st day of July, 2026.




_/s/ Alexus Abel_
(SEAL)          Notary Public, Cass County, North Dakota


4929-2036-2173 v.1