IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>JADE PRESENTS, LLC<br><br>Debtor. | Case No. 26-30438<br>(Chapter 11) |
| In re:<br><br>TICKETS300, LLC<br><br>Debtor | Case No. 26-30439<br>(Chapter 11)<br><br>(Jointly Administered) |

**MOTION TO TAKE EXAMINATION OF**
**HOLLY FUNDING LLC AND LIBERTAS FUNDING, LLC**

Comes now Jade Presents, LLC ("Jade Presents" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 2004, and moves to take the examination of (i) Holly Funding LLC ("Holly") and (ii) Libertas Funding, LLC ("Libertas"), and in support thereof states as follows:

## I. Introduction

In an effort to maximize the recovery of funds for the benefit of creditors, Jade Presents has commenced bringing suits against various participants in the merchant cash advance ("MCA") industry, with whom the Debtor previously did business. This litigation seeks to avoid fraudulent conveyances and collect damages for violations of federal securities laws. Holly and Libertas are both MCA entities, with whom the Debtor conducted business, that may have also received fraudulent conveyances from the Debtor and/or violated applicable securities regulations in connection with their dealings with the Debtor. Unfortunately, however, Jade Presents is without records sufficiently detailed or extensive to sufficiently ascertain the dealings with these entities.

Accordingly, and fully cognizant of the good faith rigors attendant to commencing litigation, the Debtor seeks to examine Holly and Libertas, in connection with their financial dealings with Jade Presents, so as to garner a better understanding of the history of the parties' respective dealings.

## II. Standard

Governing rules permit, *inter alia*, "[o]n a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Such an examination, in turn, may touch upon "(A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate. . ." Fed. R. Bankr. P. 2004(b).

As observed by a sister court, of the prophylactic scope of an examination under Federal Rule of Bankruptcy Procedure 2004:

> It is well established that the scope of such an investigation is broad. The exploration can be in the nature of a fishing expedition. The examination may be exploratory and groping and may be as searching to him as appears proper. It may include the examination of the debtor and third parties concerning the debtor's assets and affairs.

*In re Apex Oil Co*., 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989) (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650-51 (Bankr. E.D.N.Y. 1983); *In re Analytical Systems, Inc*., 71 B.R. 408, 411 (Bankr. N.D. Ga. 1987)). *See also In re B.C.I. Fins. Pty*, 668 B.R. 51, 56 (Bankr. S.D.N.Y. 2025) ("As every bankruptcy lawyer knows, Rule 2004 authorizes fishing expeditions.").

## III. Background: Merchant Cash Advances

As noted *supra*, the Debtor instantly seeks records related to a series of MCA transactions and their underlying agreements. Such agreements are something of an emerging topic of legal scrutiny, especially in bankruptcy courts where questions as to the validity—and enforceability—of the documents have been regularly addressed in recent years. The core structure of an MCA transaction is that a merchant (normally a small, retail business) is not borrowing money but,

rather, is "selling" a specified percentage of *all* future receivables (i.e., revenues)—reduced, conveniently, to an "estimated" weekly sum—until an agreed amount is paid, in exchange for an upfront infusion of cash. That these transactions appear to closely resemble loans (agreements to pay specified monies, on a specified timeline, until principal and interest are repaid in full) is neither coincidence nor folly: the MCA industry at least bears the optics of working to end-run lending laws while furnishing products that pragmatically resemble the small business equivalent of payday loans.

As observed by the United States Bankruptcy Court for the District of New Jersey, when confronted with two MCA contracts: "a putative present sale of rights to payment that do not yet exist . . . is both a metaphysical and legal impossibility. . . . A transfer of future rights to payment—that is, rights that as yet do not exist—cannot occur unless and until the rights to payment arise." *M Design Vill. v. Versant Funding LLC (In re M Design Vill.)*, 2025 Bankr. LEXIS 1778, at *19 (Bankr. D.N.J. July 24, 2025) (quoting *In re Watchmen Sec. LLC*, 2024 Bankr. LEXIS 2871 at *4 (Bankr. S.D. Ind. Nov. 20, 2024) (quoting John F. Hilson & Stephen L. Sepinuck, A "Sale" of Future Receivables: Disguising A Secured Loan as a Purchase of Hope, 9 Transactional Lawyer 14, 15 (2019))).

Another bankruptcy court, also confronted with an MCA arrangement, carefully analyzed the financial realities underlying the transaction and concluded, *inter alia*, "[t]hese economic features, most fundamentally the reality that the Debtor bears the risk of non-collection of receivables with Radium2 bearing little if any of that risk, powerfully show the Agreements to be loans." *J.P.R. Mech. Inc. v. Radium2 Cap., LLC (In re J.P.R. Mech. Inc.)*, 2025 Bankr. LEXIS 1319, at *27 (Bankr. S.D.N.Y. May 30, 2025).

Decisions such as the foregoing—noting MCA contracts to actually be loans—have come with grave consequences for recharacterized lenders. The United States Bankruptcy Court for the Eastern District of North Carolina, upon concluding an MCA transaction to actually be a loan, proceeded to note this meant that "[p]ursuant to applicable New York statutory and case law, the MCA Agreement is criminally usurious." *In re Williams Land Clearing, Grading, & Timber Logging, LLC*, 2025 Bankr. LEXIS 1201, at *33 (Bankr. E.D.N.C. May 16, 2025). The same court went on to accordingly hold the agreement to be void *ab initio*. *Id.*

As recently as a few months ago, another bankruptcy court found certain MCA agreements usurious under Texas law, *In re Denali Constr. Servs.*, 2026 Bankr. LEXIS 712, at *30 (Bankr. N.D. Tex. Mar. 20, 2026), and awarded both treble damages and attorneys' fees to a borrower, *id.* at *31-36. That case—much like some of the transactions involving Jade Presents—involved a particularly lopsided disparity between the monies received by a merchant and the monies obligated to be repaid by the same merchant: "The difference between the amount Plaintiff received ($350,000) and the amount Plaintiff was obligated to repay ($1,499,000), or $1,149,000, represents the interest charged on the loan." *Id.* at *29.

There also exists an increasingly crude—if not sophomoric—element to the MCA industry, which has partially (albeit not entirely) embraced some of the most socially repugnant boiler room ethos of 1990s New York. By way of anecdote only, one of the entities against whom the Debtor has already brought suit (which is *not* one of the two MCA firms whose examination is sought herein) has used the following social media advertisements in an effort to garner business:


capytal_dot_com
THE ONLY
FUNDING
COMPANY
WITH
BALLS
CAPYTAL.COM


capytal_dot_com
READY FOR A
QUICKIE?
IT'LL ONLY BE
14 MINUTES
FOR FUNDING
CAPYTAL.COM


capytal_dot_com
WE'RE THE OTHER GUY THAT SHE TOLD
YOU NOT TO WORRY ABOUT.
GET HER FUNDED WITH
CAPYTAL.COM


capytal_dot_com
Quick, Fast, Speedy,
rapid, expeditious,
no matter how
CENSORED
CAPYTAL.COM


capytal_dot_com
STAY IN
And stay ahead of the game
CAPYTAL.COM


capytal_dot_com
CAPYTAL.COM
DOMINATE
YOUR
DESTINY
FUNDING

## IV. Argument: Examinations are Appropriate

There has been a recognition—from the outset of these jointly administered cases—that Jade Presents lost significant monies to dealings with the MCA industry. The full extent of those dealings, however, has been difficult to realize, based on a paucity of corporate records and certain limitations to financial records. While documents have been sufficient to commence three adversary proceedings, prudence dictates a greater swath of materials be reviewed before further action is taken with Holly and/or Libertas.

Bravera Bank—through counsel—has proven enormously cooperative in helping the Debtor gain a better understanding of certain financial histories, producing myriad statements and offering insights into ongoing banking conduct. From these histories, it is known that (i) Holly received $416,412.00 from the Debtor, from January 1, 2025 through the petition date; (ii) Libertas received $205,441.95 from the Debtor, during the same time period; (iii) Holly transferred $287,739.00 to the Debtor, during the same time period; and (iv) Libertas does not appear to have transferred any monies to the Debtor, during the same time period. The various transactions, between Jade, Holly and Libertas, are known to include the following:

| Date | Debit | Credit | Entity |
|---|---|---|---|
| 7/14/2025 | | $115,700.00 | Holly Funding |
| 7/18/2025 | $9,800.00 | | Holly Funding |
| 7/25/2025 | $9,800.00 | | Holly Funding |
| 8/1/2025 | $9,800.00 | | Holly Funding |
| 8/8/2025 | $9,800.00 | | Holly Funding |
| 8/15/2025 | $9,800.00 | | Holly Funding |
| 8/22/2025 | $9,800.00 | | Holly Funding |
| 8/29/2025 | $9,800.00 | | Holly Funding |
| 9/5/2025 | $9,800.00 | | Holly Funding |
| 9/8/2025 | | $9,800.00 | Holly Funding |
| 9/10/2025 | $1,960.00 | | Holly Funding |

| | | | |
|---|---|---|---|
| 9/10/2025 | $4,900.00 | | Holly Funding |
| 9/11/2025 | $1,960.00 | | Holly Funding |
| 9/12/2025 | $1,960.00 | | Holly Funding |
| 9/12/2025 | $4,900.00 | | Holly Funding |
| 9/15/2025 | $1,960.00 | | Holly Funding |
| 9/16/2025 | $1,960.00 | | Holly Funding |
| 9/17/2025 | $1,960.00 | | Holly Funding |
| 9/18/2025 | $1,960.00 | | Holly Funding |
| 9/19/2025 | $1,960.00 | | Holly Funding |
| 9/22/2025 | $1,960.00 | | Holly Funding |
| 9/22/2025 | | $1,960.00 | Holly Funding |
| 9/23/2025 | $1,960.00 | | Holly Funding |
| 9/24/2025 | $1,960.00 | | Holly Funding |
| 9/25/2025 | $1,960.00 | | Holly Funding |
| 9/26/2025 | $1,960.00 | | Holly Funding |
| 9/26/2025 | $1,960.00 | | Holly Funding |
| 9/26/2025 | | $1,960.00 | Holly Funding |
| 9/29/2025 | $1,960.00 | | Holly Funding |
| 9/30/2025 | $1,960.00 | | Holly Funding |
| 10/1/2025 | $1,960.00 | | Holly Funding |
| 10/2/2025 | $1,960.00 | | Holly Funding |
| 10/3/2025 | $1,960.00 | | Holly Funding |
| 10/3/2025 | $1,960.00 | | Holly Funding |
| 10/7/2025 | $1,960.00 | | Holly Funding |
| 10/8/2025 | $1,960.00 | | Holly Funding |
| 10/9/2025 | $1,960.00 | | Holly Funding |
| 10/10/2025 | $1,960.00 | | Holly Funding |
| 10/14/2025 | $1,960.00 | | Holly Funding |
| 10/15/2025 | $1,960.00 | | Holly Funding |
| 10/16/2025 | $1,960.00 | | Holly Funding |
| 10/17/2025 | $980.00 | | Holly Funding |
| 10/17/2025 | $1,960.00 | | Holly Funding |
| 10/20/2025 | $980.00 | | Holly Funding |
| 10/20/2025 | $1,960.00 | | Holly Funding |

| | | | |
|---|---|---|---|
| **10/21/2025** | **$980.00** | | **Holly Funding** |
| **10/21/2025** | **$1,960.00** | | **Holly Funding** |
| **10/22/2025** | **$980.00** | | **Holly Funding** |
| **10/22/2025** | **$1,960.00** | | **Holly Funding** |
| **10/23/2025** | **$980.00** | | **Holly Funding** |
| **10/23/2025** | **$1,960.00** | | **Holly Funding** |
| **10/24/2025** | **$980.00** | | **Holly Funding** |
| **10/24/2025** | **$1,960.00** | | **Holly Funding** |
| **10/27/2025** | **$980.00** | | **Holly Funding** |
| **10/27/2025** | **$1,960.00** | | **Holly Funding** |
| **10/28/2025** | **$980.00** | | **Holly Funding** |
| **10/28/2025** | **$1,960.00** | | **Holly Funding** |
| **10/29/2025** | **$980.00** | | **Holly Funding** |
| **10/29/2025** | **$1,960.00** | | **Holly Funding** |
| **10/29/2025** | | **$158,319.00** | **Holly Funding** |
| **10/30/2025** | **$1,960.00** | | **Holly Funding** |
| **10/30/2025** | **$2,675.00** | | **Holly Funding** |
| **10/31/2025** | **$2,675.00** | | **Holly Funding** |
| **11/3/2025** | **$2,675.00** | | **Holly Funding** |
| **11/4/2025** | **$2,675.00** | | **Holly Funding** |
| **11/5/2025** | **$2,675.00** | | **Holly Funding** |
| **11/6/2025** | **$2,675.00** | | **Holly Funding** |
| **11/7/2025** | **$2,675.00** | | **Holly Funding** |
| **11/10/2025** | **$2,675.00** | | **Holly Funding** |
| **11/12/2025** | **$2,675.00** | | **Holly Funding** |
| **11/12/2025** | **$2,675.00** | | **Holly Funding** |
| **11/13/2025** | **$2,675.00** | | **Holly Funding** |
| **11/14/2025** | **$2,675.00** | | **Holly Funding** |
| **11/17/2025** | **$2,675.00** | | **Holly Funding** |
| **11/18/2025** | **$2,675.00** | | **Holly Funding** |
| **11/19/2025** | **$2,675.00** | | **Holly Funding** |
| **11/20/2025** | **$2,675.00** | | **Holly Funding** |
| **11/21/2025** | **$2,675.00** | | **Holly Funding** |
| **11/24/2025** | **$891.00** | | **Holly Funding** |

| | | | |
|---|---|---|---|
| 11/24/2025 | $2,675.00 | | Holly Funding |
| 11/25/2025 | $891.00 | | Holly Funding |
| 11/25/2025 | $2,675.00 | | Holly Funding |
| 11/26/2025 | $891.00 | | Holly Funding |
| 11/26/2025 | $2,675.00 | | Holly Funding |
| 11/28/2025 | $891.00 | | Holly Funding |
| 11/28/2025 | $2,675.00 | | Holly Funding |
| 12/1/2025 | $891.00 | | Holly Funding |
| 12/1/2025 | $2,675.00 | | Holly Funding |
| 12/2/2025 | $891.00 | | Holly Funding |
| 12/2/2025 | $2,675.00 | | Holly Funding |
| 12/3/2025 | $891.00 | | Holly Funding |
| 12/3/2025 | $2,675.00 | | Holly Funding |
| 12/4/2025 | $891.00 | | Holly Funding |
| 12/4/2025 | $2,675.00 | | Holly Funding |
| 12/5/2025 | $891.00 | | Holly Funding |
| 12/5/2025 | $2,675.00 | | Holly Funding |
| 12/8/2025 | $891.00 | | Holly Funding |
| 12/8/2025 | $2,675.00 | | Holly Funding |
| 12/9/2025 | $891.00 | | Holly Funding |
| 12/10/2025 | $891.00 | | Holly Funding |
| 12/11/2025 | $891.00 | | Holly Funding |
| 12/12/2025 | $891.00 | | Holly Funding |
| 12/15/2025 | $891.00 | | Holly Funding |
| 12/16/2025 | $891.00 | | Holly Funding |
| 12/17/2025 | $891.00 | | Holly Funding |
| 12/18/2025 | $1,000.00 | | Holly Funding |
| 12/19/2025 | $1,000.00 | | Holly Funding |
| 12/22/2025 | $1,000.00 | | Holly Funding |
| 12/23/2025 | $1,000.00 | | Holly Funding |
| 12/24/2025 | $1,000.00 | | Holly Funding |
| 12/26/2025 | $1,000.00 | | Holly Funding |
| 12/29/2025 | $1,000.00 | | Holly Funding |
| 12/30/2025 | $1,000.00 | | Holly Funding |

| | | | |
|---|---|---|---|
| 12/31/2025 | $1,000.00 | | Holly Funding |
| 1/2/2026 | $1,000.00 | | Holly Funding |
| 1/6/2026 | $1,000.00 | | Holly Funding |
| 1/7/2026 | $1,000.00 | | Holly Funding |
| 1/8/2026 | $1,000.00 | | Holly Funding |
| 1/9/2026 | $1,000.00 | | Holly Funding |
| 1/12/2026 | $1,000.00 | | Holly Funding |
| 1/13/2026 | $1,000.00 | | Holly Funding |
| 1/14/2026 | $1,000.00 | | Holly Funding |
| 1/15/2026 | $1,000.00 | | Holly Funding |
| 1/16/2026 | $1,000.00 | | Holly Funding |
| 1/20/2026 | $1,000.00 | | Holly Funding |
| 1/21/2026 | $1,000.00 | | Holly Funding |
| 1/22/2026 | $1,000.00 | | Holly Funding |
| 1/23/2026 | $1,000.00 | | Holly Funding |
| 1/26/2026 | $500.00 | | Holly Funding |
| 1/26/2026 | $1,000.00 | | Holly Funding |
| 1/27/2026 | $500.00 | | Holly Funding |
| 1/28/2026 | $500.00 | | Holly Funding |
| 1/29/2026 | $500.00 | | Holly Funding |
| 1/30/2026 | $500.00 | | Holly Funding |
| 2/2/2026 | $500.00 | | Holly Funding |
| 2/3/2026 | $500.00 | | Holly Funding |
| 2/4/2026 | $500.00 | | Holly Funding |
| 2/5/2026 | $500.00 | | Holly Funding |
| 2/6/2026 | $500.00 | | Holly Funding |
| 2/9/2026 | $500.00 | | Holly Funding |
| 2/10/2026 | $500.00 | | Holly Funding |
| 2/10/2026 | $1,000.00 | | Holly Funding |
| 2/11/2026 | $1,000.00 | | Holly Funding |
| 2/12/2026 | $1,000.00 | | Holly Funding |
| 2/13/2026 | $1,000.00 | | Holly Funding |
| 2/17/2026 | $1,000.00 | | Holly Funding |
| 2/17/2026 | $1,000.00 | | Holly Funding |

| | | | |
|---|---|---|---|
| **2/18/2026** | **$1,000.00** | | **Holly Funding** |
| **2/19/2026** | **$1,000.00** | | **Holly Funding** |
| **2/20/2026** | **$1,000.00** | | **Holly Funding** |
| **2/20/2026** | **$1,000.00** | | **Holly Funding** |
| **2/23/2026** | **$1,000.00** | | **Holly Funding** |
| **2/24/2026** | **$1,000.00** | | **Holly Funding** |
| **2/25/2026** | **$1,000.00** | | **Holly Funding** |
| **2/26/2026** | **$1,000.00** | | **Holly Funding** |
| **2/27/2026** | **$1,000.00** | | **Holly Funding** |
| **3/2/2026** | **$1,500.00** | | **Holly Funding** |
| **3/3/2026** | **$1,500.00** | | **Holly Funding** |
| **3/4/2026** | **$1,500.00** | | **Holly Funding** |
| **3/5/2026** | **$1,500.00** | | **Holly Funding** |
| **3/6/2026** | **$1,500.00** | | **Holly Funding** |
| **3/9/2026** | **$1,500.00** | | **Holly Funding** |
| **3/10/2026** | **$1,500.00** | | **Holly Funding** |
| **3/11/2026** | **$1,500.00** | | **Holly Funding** |
| **3/12/2026** | **$1,500.00** | | **Holly Funding** |
| **3/13/2026** | **$1,500.00** | | **Holly Funding** |
| **3/16/2026** | **$1,500.00** | | **Holly Funding** |
| **3/17/2026** | **$1,500.00** | | **Holly Funding** |
| **3/18/2026** | **$1,500.00** | | **Holly Funding** |
| **3/19/2026** | **$1,500.00** | | **Holly Funding** |
| **3/20/2026** | **$1,500.00** | | **Holly Funding** |
| **3/23/2026** | **$1,500.00** | | **Holly Funding** |
| **3/24/2026** | **$1,500.00** | | **Holly Funding** |
| **3/25/2026** | **$1,500.00** | | **Holly Funding** |
| **3/26/2026** | **$1,500.00** | | **Holly Funding** |
| **3/27/2026** | **$1,500.00** | | **Holly Funding** |
| **3/30/2026** | **$1,500.00** | | **Holly Funding** |
| **3/31/2026** | **$1,500.00** | | **Holly Funding** |
| **4/1/2026** | **$1,500.00** | | **Holly Funding** |
| **4/1/2026** | **$1,500.00** | | **Holly Funding** |
| **4/2/2026** | **$1,500.00** | | **Holly Funding** |

| | | | |
|---|---|---|---|
| **4/2/2026** | **$1,500.00** | | **Holly Funding** |
| **4/3/2026** | **$1,500.00** | | **Holly Funding** |
| **4/3/2026** | **$1,500.00** | | **Holly Funding** |
| **4/4/2026** | **$1,500.00** | | **Holly Funding** |
| **4/6/2026** | **$1,500.00** | | **Holly Funding** |
| **4/5/2026** | **$1,500.00** | | **Holly Funding** |
| **4/7/2026** | **$1,500.00** | | **Holly Funding** |
| **4/6/2026** | **$1,500.00** | | **Holly Funding** |
| **4/13/2026** | **$1,500.00** | | **Holly Funding** |
| **4/7/2026** | **$1,500.00** | | **Holly Funding** |
| **4/14/2026** | **$1,500.00** | | **Holly Funding** |
| **4/17/2026** | **$1,500.00** | | **Holly Funding** |
| **4/20/2026** | **$1,500.00** | | **Holly Funding** |
| **4/22/2026** | **$1,500.00** | | **Holly Funding** |
| **4/23/2026** | **$1,500.00** | | **Holly Funding** |
| **4/24/2026** | **$1,500.00** | | **Holly Funding** |
| **4/27/2026** | **$1,500.00** | | **Holly Funding** |
| **4/28/2026** | **$1,500.00** | | **Holly Funding** |
| **4/28/2026** | **$4,500.00** | | **Holly Funding** |
| **4/29/2026** | **$1,500.00** | | **Holly Funding** |
| **4/30/2026** | **$1,500.00** | | **Holly Funding** |
| **5/1/2026** | **$1,500.00** | | **Holly Funding** |
| **5/4/2026** | **$1,500.00** | | **Holly Funding** |
| **5/5/2026** | **$1,500.00** | | **Holly Funding** |
| **5/6/2026** | **$1,500.00** | | **Holly Funding** |
| **5/7/2026** | **$1,500.00** | | **Holly Funding** |
| **5/8/2026** | **$1,500.00** | | **Holly Funding** |
| **5/8/2026** | **$1,500.00** | | **Holly Funding** |
| **5/11/2026** | **$1,500.00** | | **Holly Funding** |
| **5/12/2026** | **$1,500.00** | | **Holly Funding** |
| **5/13/2026** | **$1,500.00** | | **Holly Funding** |
| **5/14/2026** | **$1,500.00** | | **Holly Funding** |
| **5/15/2026** | **$1,500.00** | | **Holly Funding** |
| **5/18/2026** | **$1,500.00** | | **Holly Funding** |

| | | | |
|---|---|---|---|
| **5/19/2026** | **$1,500.00** | | **Holly Funding** |
| **5/19/2026** | **$6,000.00** | | **Holly Funding** |
| **5/20/2026** | **$1,500.00** | | **Holly Funding** |
| **5/21/2026** | **$1,500.00** | | **Holly Funding** |
| **5/22/2026** | **$1,500.00** | | **Holly Funding** |
| **5/26/2026** | **$1,500.00** | | **Holly Funding** |
| **5/27/2026** | **$1,500.00** | | **Holly Funding** |
| **5/27/2026** | **$5,000.00** | | **Holly Funding** |
| **5/28/2026** | **$1,500.00** | | **Holly Funding** |
| **5/29/2026** | **$1,500.00** | | **Holly Funding** |
| **1/3/2025** | **$10,925.95** | | **Libertas Funding** |
| **1/10/2025** | **$10,925.95** | | **Libertas Funding** |
| **1/17/2025** | **$10,925.95** | | **Libertas Funding** |
| **1/24/2025** | **$10,925.95** | | **Libertas Funding** |
| **1/31/2025** | **$10,925.95** | | **Libertas Funding** |
| **2/7/2025** | **$10,925.95** | | **Libertas Funding** |
| **2/14/2025** | **$10,925.95** | | **Libertas Funding** |
| **2/21/2025** | **$10,925.95** | | **Libertas Funding** |
| **2/28/2025** | **$10,925.95** | | **Libertas Funding** |
| **3/7/2025** | **$10,925.95** | | **Libertas Funding** |
| **3/14/2025** | **$10,925.95** | | **Libertas Funding** |
| **3/21/2025** | **$10,925.95** | | **Libertas Funding** |
| **3/28/2025** | **$10,925.95** | | **Libertas Funding** |
| **3/28/2025** | **$10,925.95** | | **Libertas Funding** |
| **4/4/2025** | **$10,925.95** | | **Libertas Funding** |
| **4/11/2025** | **$10,925.95** | | **Libertas Funding** |
| **4/18/2025** | **$10,925.95** | | **Libertas Funding** |
| **4/25/2025** | **$10,925.95** | | **Libertas Funding** |
| **5/2/2025** | **$35.00** | | **Libertas Funding** |
| **5/2/2025** | **$8,739.85** | | **Libertas Funding** |

The Debtor also possesses a copy of an agreement, with Libertas, from August 2024, suggesting the Debtor sold Libertas $413,000.00 in future receivables in exchange for

$350,000.00. The agreement, however, is murky, also making reference to $676,062.48 in "future receipts." And there is thusly some curiosity as to (i) whether this agreement was an implicit refinancing of a prior agreement; (ii) the extent of monies actually seized by Libertas; and (iii) the communications between the parties. Similar questions concern Holly, an entity for which the Debtor does not have a copy of any agreement(s).

The Debtor thusly proposes to issue subpoenas to produce documents (but *not* to appear for deposition) to each of Libertas and Holly, therein demanding production—via e-mail—of (i) any and all agreements between the subpoena counterparty and Jade, from June 7, 2022 forward; (ii) any and all communications between the subpoena counterparty and Jade, from June 7, 2022 forward; (iii) all records of payments made to Jade, from June 7, 2022 forward; and (iv) all records of payments received from Jade, from June 7, 2022 forward.

These are narrowly drawn areas of examination, calculated to examine the Debtor's dealings with Holly and Libertas without proving unduly obstructive or intrusive. The Debtor maintains MCA entities are in the business of issuing criminally usurious loans, and accordingly may be compelled to produce their communications with legal counsel. *See Gibbs v. Stinson*, 2021 WL 4853575, 2021 U.S. Dist. LEXIS 200198, at *26 (E.D. Va. Oct. 17, 2021) (applying the crime/fraud exception to criminal usury). However, at least for the time being, the Debtor is *not* seeking to make either counterparty produce communications with legal counsel and the Debtor is, instead, carefully confining its examination to a scope far more concentrated and distilled than is required of a process intended to be a "fishing expedition."

## V. Conclusion

WHEREFORE, the Debtor respectfully prays it be permitted to take the examination of Holly and Libertas, and for such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: August 24, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies also being sent to:

Holly Funding LLC
1309 Coffeen Avenue
Suite 1200
Sheridan, WY 82801

and

Libertas Funding, LLC
411 West Putnam Avenue
Suite 220
Greenwich, CT 06380

/s/ Maurice B. VerStandig
Maurice B. VerStandig