**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| **In re:** | **JOINTLY ADMINISTERED** |
| **Jade Presents, LLC** | **Bankr. No. 26-30438** |
| **Tickets 300, LLC** | **Bankr. No. 26-30439** |
| **Debtors.** | **Chapter 11** |

---

## NOTICE OF ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE

---

The United States Trustee's Office has filed a motion to convert or dismiss these jointly administered cases for cause under 11 U.S.C. §1112(b). **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases. If you do not have an attorney, you may wish to consult one.

Any response to the Motion must be filed and served no later than 21 days of the filing of this motion pursuant to Rule 6004(b) of the Federal Rules of Bankruptcy Procedure. UNLESS A RESPONSE OPPSOING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WIHTOUT A HEARING.

Dated: September 17, 2026

MARY R. JENSEN
ACTING UNITED STATES TRUSTEE REGION 12

/s/ Sarah J. Wencil

Sarah J. Wencil
Trial Attorney
U.S. Courthouse Suite 1015
300 South Fourth Street
Minneapolis, MN 55415
Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| **In re:** | **JOINTLY ADMINISTERED** |
| **Jade Presents, LLC** | **Bankr. No. 26-30438** |
| **Tickets 300, LLC** | **Bankr. No. 26-30439** |
| **Debtors.** | **Chapter 11** |

---

**MOTION TO DISMISS OR CONVERT CHAPTER 11 CASES**

---

COMES NOW the Acting United States Trustee (UST) through her undersigned attorney and moves the Court to dismiss or convert these jointly administered Chapter 11 cases. In support of her motion, she states the following:

1. The UST has standing to bring this motion pursuant to 11 U.S.C. §307 and 28 U.S.C. §586. This matter is a core-proceeding arising under 28 U.S.C. §157(b)(2)(A). This Court has jurisdiction pursuant to 28 U.S.C. §1334. This motion is brought pursuant to 11 U.S.C. §1112(b)(1)[1]. Section 1112(b)(a) provides that the Court may treat this motion as a motion to convert or dismiss if the Court finds one or the other remedy to be in the best interest of the creditors and the estate. The UST requests that the cases be converted.

2. The Debtors filed voluntary petitions for chapter 11 reorganization on June 6, 2026. On the petitions, the Debtors elected to proceed as subchapter V business cases. Mary Sielig was appointed as the subchapter V trustee in all three cases on August 1, 2023.

3. As has been established in the record, Jade Presents, LLC (Jade) was an event promotor and Tickets 300 (T300) was the ticketing arm. Both businesses ceased operating prior to the bankruptcy case being filed and generate no income or expenses. The July MORs reflect minimal receipts and state that the Debtors do not anticipate resuming operations. See Doc. 91

1 All statutory references shall be to Title 11 of the United States Bankruptcy Code (11 U.S.C.) unless otherwise noted.

(Jade Presents) and Doc. 92 (Tickets 300). Jade Presents reported a cash balance of $500.20 (Doc. 91), and Tickets 300 reports cash balance of $204.95 (Doc. 92).

5. The Debtors filed a joint plan of reorganization on September 4, 2026. (Doc. 94). The Plan projects to pay $1,072,635.00 on or before July 1, 2028. The sole source of the proceeds derives from litigation proceeds from pursuing merchant cash advance entities (MCA litigation).

6. The UST conducted an initial debtor interview on July 8, 2026. The Debtors told Nissa Atkinson, Analyst for the UST, that the financial records of the Debtors were last updated in May 2025. As a result, the schedules require amending to accurately reflect assets and liabilities as of the date of the filings and the Statement of Financial Affairs needed to be amended to reflect all the insider payments between the Debtors and other related entities. *See* Att. Ex. 1 Affidavit of Nissa Atkinson). In connection with that interview, the UST requested several documents from the Debtors. The information included the following:

- Copy of 12 months of bank statements for each of the Debtor entities' accounts preceding the bankruptcy filings (no need to duplicate the months already provided)
- 12 months accounting of payments made to or on behalf of any insider (business or person) in the 12 months preceding the bankruptcy filing for each of the debtor entities
- Copy of the lease agreement with 701 Collective and the breakdown of the pro-rata share of each entitiy's responsibility toward the lease agreement in the 12 months preceding the bankruptcy filing.
- Amend the schedules to accurately reflect the assets and liabilities as of the date of filing.
- Amend the Statement of Financial Affairs to accurately reflect the insider payments made to and behalf of insiders.

7. The undersigned presided at the initial Section 341 meeting of creditors on July 15, 2026. The Debtor admitted the financials of the Debtors were last updated in early 2025 and stated the Debtors would need 45 days to amend the Schedules and Statements. The UST did not conclude the meeting and rescheduled the meeting to September 10, 2026, to allow the

Debtors the opportunity to amend the Schedules and Statements and provide the documentation requested by the UST. After the Debtors failed to amend the documents and provide the outstanding information requested within a reasonable period prior to the September 10, 2026 meeting, the UST continued the meeting again to September 24, 2026.

**Documents Requested by the UST**

8. As of this date, the Debtors have failed to provide any of the ouststanding documentation requested by the UST.2

9. The failure to timely provide information reasonably requested by the UST is cause to dismiss these cases under Section 1112(b)(4)(H).

**Diminution and Lack of Ability to Rehabilitate**

10. The Debtors are not operating or generating income at this time.

11. The Statement of Compensation (Rule 2016(b) Statements) reflect that the insider of the Debtors – Jade Nielsen – paid Debtors' counsel a retainer of $15,000.

12. By electing Subchapter V for defunct businesses, the Debtors forced the Subchapter V trustee to execute her duties under Section 1183(b) without any compensation. In addition, the Subchapter V trustee is named as the disbursing agent under Article 8.06 of the Plan.

13. The Debtors presently have no funds to pay the Subchapter V trustee in accordance with Section 1129(a)(9)(A) and appear to be relying on Section 1191(e) to force the Subchapter V trustee to wait approximately up to two years for payments.

14. The increase in administrative expenses in the case is evidence of continuing loss and diminution to the estate. Loop Corp. v. U.S. Trustee, 379 F.3d 511, 516 (8th Cir. 2004),

---

2 The UST has been frustrated by the lack of communication from the Debtors in response to the UST's request for documents and that once again a Section 341 meeting date is looming (September 24, 2026), without any timely response to provide the UST an adequate opportunity to review the documents. The UST's request was reasonable and similar documents would have been reviewed to assemble the adversary proceeds against the merchant credit agreement entities; therefore, the UST is at a loss as to the zero communication that she has received from the Debtors regarding assembling this information.

*cert. denied* 543 U.S. 1055, 125 S. Ct. 915, 160 L. Ed.2d 778 (2005)

15. The Debtors have filed a liquidating plan and are not seeking to rehabilitate their businesses. As noted in this Court's opinion *In re Ruins*, BK 25-30004 (Doc. 252, p. 17 of 28), "Courts look to the debtor's plan or plans of reorganization to determine whether a debtor can emerge as economically viable enterprise capable of servicing its obligations under the plan (citing In re Schriock Const., Inc. 167 B.R.569, 576 (Bankr. N.D. 1994).

14. The continuing losses or diminution of the estate and the lack of a reasonable likelihood of rehabilitation is cause to dismiss or convert these cases under Section 1112(b)(4)(A).

**Rebutting Cause**

15. Once cause is established under § 1112, the Court may exercise its discretion not to dismiss or convert the case only if it identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of the estate. 11 U.S.C. § 1112(b)(2). However, in that instance, the debtor must also establish:

> **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> **(B)** the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
> > **(i)** for which there exists a reasonable justification for the act or omission; and
> >
> > **(ii)** that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

16. A bankruptcy court has broad discretion in deciding whether to dismiss or convert a Chapter 11 case. *Lumber Exchange Bldg., Ltd. v. Mutual Life Ins. Co. (In re Lumber Exchange Bldg., Ltd.)*, 968 F.2d 647, 648 (8th Cir. 1992). The UST requests that the Bankruptcy Court convert these cases to permit an independent party to review the insider

transactions. A chapter 7 trustee may also oversee the litigation that has been proposed in an independent manner.

WHEREFORE, the UST requests that the Court convert these chapter 11 cases.

Dated: September 17, 2026

MARY R. JENSEN
Acting United States Trustee Region 12

/s/ Sarah J. Wencil
Sarah J. Wencil
Trial Attorney Iowa Atty. No. 14014
Office of U.S. Trustee
1015 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350
Sarah.J.Wencil@usdoj.gov

# UST EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

**In re:**

**Chapter 11**

**Jade Presents, LLC,**

**Bankruptcy No. 26-30438**

**Debtor.**

---

**UNSWORN DECLARATION OF NISSA ATKINSON**

---

I, Nissa Atkinson, declare under penalty of perjury, that:

1. I am employed as an Analyst by the United States Department of Justice. My duty station is the Office of the United States Trustee for Region 12, located in Minneapolis, Minnesota.

2. The debtor filed a voluntary chapter 11 petition on June 6, 2026. A related entity, Tickets300, LLC also filed a chapter 11 petition on the same date.

3. The UST conducted the initial debtor interview (IDI) was held on July 8, 2026 for both cases.

4. At the IDI, the debtor advised me:
   a. The financials were last updated in May 2025.
   b. The bankruptcy schedules required amendments to accurately reflect assets and liabilities.
   c. The statement of financial affairs needed to be amended to accurately reflect all the insider payments between the debtor and insiders and/or related entities.

5. On July 9, 2026, I sent an email to debtor's counsel reiterating the items requested by the UST at the IDI. (Atkinson Declaration Ex. 1)

6. In response from debtor's counsel, the bank account reporting form was received 8/25/26. No additional requested documents addressed in the July 9 email have been provided.

7. In the limited number of bank statements that the UST did receive, there were numerous transactions identified between the debtor and various insider entities: 901 Collective, Nocturnal Resources, Nocturnal Hospitality Group, and Solitary Properties. There were also identifiable transactions with the member, Jade Nielsen. For these reasons, we requested 12 months of pre-petition bank statements for all debtor accounts.

Dated: September 17, 2026

s/ Nissa Atkinson
Nissa Atkinson

**Wencil, Sarah J. (USTP)**

**From:** Atkinson, Nissa L. (USTP)
**Sent:** Thursday, July 9, 2026 9:44 AM
**To:** Christianna Cathcart; Mac VerStandig
**Cc:** Wencil, Sarah J. (USTP); Mary Sieling
**Subject:** Jade Presents & Tickets 300 IDI f/u

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

Good morning,

This email is to serve as a follow-up to the IDI held yesterday in these cases. Please provide the following documentation by 7/15/26:

- Bank account reporting forms
- Copy of 12 months of bank statements for each of the debtor entities' accounts preceding the bky filings (no need to duplicate the months already provided)
- 12 months account of payments made to or on behalf of any insider (business or person) in the 12 months preceding the bky filing for each of the debtor entities
- Copy of the lease agreement with 701 Collective and the breakdown of the pro-rata share of each entitiy's responsibility toward the lease agreement in the 12 months preceding the bky filing.

The schedules will need to be amended to accurately reflect the assets and the liabilities as of the date of filing.
The SOFA will also need to be amended to accurately reflect all of the insider payments made to and on behalf of the insiders.

Sincerely,

Nissa L. Atkinson
Office of the U.S. Trustee
U.S. Department of Justice
US Federal Courthouse
300 South 4th Street, Suite 1015
Minneapolis, MN 55415

**Starting September 30, 2025, the United States Trustee Program will no longer accept checks or money orders as forms of payment for chapter 11 quarterly fees.** https://www.pay.gov/public/form/start/672415208

Phone No. 612.334.1354
Email: Nissa.L.Atkinson@usdoj.gov