IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re:<br><br>JADE PRESENTS, LLC<br><br>Debtor. | ) | Case No. 26-30438<br>(Chapter 11) |
| In re:<br><br>TICKETS300, LLC<br><br>Debtor | ) | Case No. 26-30439<br>(Chapter 11)<br><br>(Jointly Administered) |

**MOTION TO EXTEND DEADLINES**
**<u>AND CONTINUE CONFIRMATION HEARING</u>**

Comes now Jade Presents, LLC ("Jade Presents" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9006, and moves this Honorable Court to (i) extend the deadline by which parties are to vote on a proposed plan of reorganization, to and through October 21, 2026; (ii) extend the deadline by which parties may object to confirmation of the aforesaid plan of reorganization, to and through October 21, 2026; (iii) continue a hearing on confirmation of the plan of reorganization, to a date of this Honorable Court's election, in the month of November 2026; and (iv) extend the deadline to oppose the motion to convert, ECF No. 95, to October 22, 2026, and in support thereof notes as follows:

As has been openly shared from the outset of this case, the Debtor's records exist in a suboptimal condition, with myriad documents missing and many financial records wanting for updating. This is not uncommon in chapter 11—especially where, as here, the Debtor is a small business that closed its doors pre-petition. And the plan of reorganization proposed by the Debtor expressly provides for a post-confirmation mechanism to further investigate the Debtor's affairs

and have an independent third party fiduciary pursue litigation (including against insiders, if appropriate). *See* Plan, ECF No. 94, at §§ 7.02, 7.03.

The foregoing notwithstanding, the Debtor continues in an effort to retrieve records and produce the same to the United States Trustee and at least one private third party creditor who has requested the same. And while the Debtor does *not* believe such to be statutorily necessary (or a failure thereof to give rise to grounds for conversion), the Debtor is also keen to prove as cooperative as possible in a case where good faith and collegiality have already done a great deal to advance an estate toward confirmation.

So, rather than immediately oppose the US Trustee's motion to dismiss (which would invite some debate as to the scope, *vel non*, of a small business debtor's duties to locate documents outside of its possession, custody and control), or risk the alienation of a private stakeholder that has proven helpful in aiding with analysis of banking records, the Debtor believes it prudent to seek to continue all open and applicable deadlines by roughly two weeks. This means pushing the plan objection and voting deadlines by two weeks, pushing the deadline to object to the motion to convert (which falls *after* the voting deadline) by two weeks,[1] and pushing the confirmation hearing to a date convenient for this Honorable Court.

Of some import: a large number of consumer creditors have already cast ballots. (As it turns out, the system created by this Honorable Court, to ease the filing of consumer claims and to ease the casting of consumer ballots, is wildly successful and has invited a far higher percentage of voter participation than is typically seen in a subchapter V case, where such percentages oftentimes hover right around the 0% mark.) The Debtor does *not* seek to have those ballots re-

---

[1] Jade wishes to be express that it desires for this deadline to remain *after* the other deadlines, even if only because such will allow any opposition brief—should one need to be filed—to include a discussion of creditor sentiments as evidenced by the ballots cast.

cast. And the Debtor will serve any order granting this motion on those consumers, since it stands to reason some or all of them may be planning to attend a confirmation hearing. All that is sought, rather, is an extension of applicable deadlines and a continuation of the confirmation hearing to a date slightly past Halloween.

Jade is cautiously optimistic such may well allow for any tricks to be supplanted by treats.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) extend the deadline by which parties are to vote on a proposed plan of reorganization, to and through October 21, 2026; (ii) extend the deadline by which parties may object to confirmation of the aforesaid plan of reorganization, to and through October 21, 2026; (iii) continue a hearing on confirmation of the plan of reorganization, to a date of this Honorable Court's election, in the month of November 2026; (iv) extend the deadline to oppose the motion to convert, ECF No. 95, to October 22, 2026, and (v) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: October 5, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of October, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig