**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| **In re:** | **JOINTLY ADMINISTERED** |
| **Jade Presents, LLC** | **Bankr. No. 26-30438** |
| **Tickets 300, LLC** | **Bankr. No. 26-30439** |
| **Debtors.** | **Chapter 11** |

**OBJECTION TO SUBCHAPTER V PLAN OF REORGANZIATION OF JADE PRESENTS, LLC AND TICKETS300, LLC**

COMES NOW the Acting United States Trustee (UST) through her undersigned attorney and files this objection to the Subchapter V Plan of Reorganization of Jade Presents, LLC and Tickets300 (Docket 94). In support of her objection, she states the following:

1. The UST has standing to objection pursuant to 11 U.S.C. §307 and 28 U.S.C. §586.

2. The UST notes – in view of her pending Motion to Dismiss or Convert (Docket No. ) – that she does not object to the overall structure of the Plan. If there is no major creditor opposition to the Plan and the objections raised herein are addressed, the UST expects to favor confirmation of the Plan over pursuing conversion of the case to chapter 7.

3. At this time, the Section 341 meeting has not been concluded. The UST convened a continued Section 341 meeting on October 14, 2026. The owner of the Debtors, Jade Nielsen, testified that the schedules and statements filed in the case were based on 2025 financial and that he had contacted professionals to assist with updating the schedules over the next few weeks. The following information remains outstanding in the case:

- Amend the schedules to accurately reflect the assets and liabilities as of the date of filing.
- Amend the Statement of Financial Affairs to accurately reflect the insider payments made on behalf of insiders.

4. The missing information regarding the identity and value of the remaining assets and insider transactions makes evaluating the value of the liquidation analysis and the integrity of the proposed distribution to creditors impossible to ascertain.

5. Article 3 should estimate the administrative expense claims the Plan or file or append a list of estimated administrative expense claims.

6. Under 3.02 Administrative Expense Claims, the Plan provides that Debtors' counsel will share its retainer with the Subchapter V Trustee but does not provide context for how and when the Subchapter V Trustee will be paid. The UST takes the position that the Subchapter V Trustee should be paid in full on the later of the effective date or a reasonable period after the fees are allowed by the Court and that Section 1191(e) is for the purpose of paying a subchapter V trustee for services provided during the Plan and not to delay payment of pre-confirmation services. At the Section 341 meeting, Mr. Neilsen indicated that he had contacted an accountant and bookkeeper to update the Debtors' financials and prepare the 2025 tax returns. If the estate will pay those professionals, the Plan should disclose those estimated costs.

5. Article 3.03 Priority Tax Claims is vague and only provides for minimum compliance with Section 1129(a)(9)(C). Presently, the Internal Revenue Services has filed priority claims of $21,969.51 in the Tickets300 case (POC-2) and of $228,254.69 in the Jade Presents case (POC-1). The proofs of claims are based on estimated taxes. Mr. Nielsen testified that he believes the missing returns were filed by the Debtors' payroll service and that

the tax claims will be resolved. The State of Minnesota filed a priority claim of $6,893.53 in the Jade Presents case (POC-3). However, the Plan will need to provide more definite information on how the claims will be paid if the claims are not resolved prior to confirmation. For example, the Plan states the claims will be paid prior to June 5, 2031. However, the Plan is structured around a one-time payment after the litigation is resolved on or before July 1, 2028.

6. The Plan should provide an estimate for the total claims in each class of creditors or file or append a schedule of estimated creditors to provide guidance on the estimated return for each class. For example, Class 1, the Small Business Administration filed a claim of $153,226.69 (Tickets300 (POC 3-1))(Jade Presents (POC 30-1)), and it is unclear how much the Class 2 claims are estimated to receive, prior to a distribution to Class 3 unsecured creditors. The Plan should provide an outline of the estimated recovery or potential recovery to creditors.

7. Under Class 2 wage claims, Section 1129(a)(9)(B) entitles Section 507(a)(4) claimants to payment in full on the effective date, unless they agree to deferment. The Plan does not address the option to demand immediate payment.

8. Section 7.04 provides for the liquidation of the remaining personal property of the Debtors. However, the Plan does not address what will become of the proceeds from the asset sale. In addition, the Plan provides that any unsold assets will be returned to the extinguished equity interests holder (Mr. Nielsen). The Plan should provide for some oversight or approval by the Plan Administrator to ensure that the Mr. Nielsen will maximize the sale value.

9. The authorization for the Plan Administrator to pursue avoidance actions should clarify that his authority extends not only to the equity holder but to related business that may have received transfers from the Debtors. While the UST has not completed a review of the bank statements, the bank statements show that substantial funds went from the Debtors to Mr.

Nielsen's personal accounts and to the accounts of related entities. Some of those entities provided legitimate services, e.g. landlord, event staffing, etc.

10. Section 8.12 Professional Fees. The Subchapter V Trustee fees should be approved pursuant to the procedures of Section 330, as she remains an officer of the Court and not streamlined, as provided in the section.

WHEREFORE, the UST requests that the Court convert these chapter 11 cases.

Dated: October 20, 2026

MARY R. JENSEN
Acting United States Trustee Region 12

/s/ Sarah J. Wencil
Sarah J. Wencil
Trial Attorney Iowa Atty. No. 14014
Office of U.S. Trustee
1015 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1350
Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| **In re:** | **JOINTLY ADMINISTERED** |
| **Jade Presents, LLC** | **Bankr. No. 26-30438** |
| **Tickets 300, LLC** | **Bankr. No. 26-30439** |
| **Debtors.** | **Chapter 11** |

---

## CERTIFICATE OF SERVICE

---

The undersigned states that she filed her objection to confirmation through CM/ECF; thereby causing service upon CM/ECF users.

Dated: October 20, 2026

/s/ Sarah J. Wencil
Sarah J. Wencil
Office of the US Trustee