UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

---

**In re:**

| | |
|---|---|
| **Jade Presents, LLC** | **Bankr. No. 26-30438** |
| **Debtor.** | **Chapter 11** |

**In re:**

| | |
|---|---|
| **Tickets 300, LLC** | **Bankr. No. 30439** |
| **Debtor.** | **Chapter 11** |

---

**SUBCHAPTER V TRUSTEE'S OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION**

---

Mary Sieling, the subchapter V trustee, submits this objection to confirmation of the debtors' plan of reorganization (the "Plan") [ECF No. 94] and requests that confirmation be denied. In support of her objection, the trustee states as follows:

1. The trustee joins in the objection filed by the Acting United States Trustee at ECF No. 113 and incorporates those arguments as though fully set forth herein.

2. Section 1129(a)(1): The Plan does not comply with applicable provisions of the bankruptcy code. Specifically, it fails to comply with 11 U.S.C. § 1194(b), because the plan provides that the trustee will disburse plan payments to creditors and remain as trustee even if there is a consensual plan. However, § 1194(b) only contemplates the trustee making disbursements if there is a nonconsensual plan and § 1183(c)(1) provides that when a plan is confirmed under § 1191(a), the trustee services will terminate upon substantial consummation.

3. Section 1129(a)(5): The Plan fails to comply with § 1129(a)(5) as it does not disclose which insiders will remain as employees or officers of the debtor and does not disclose the compensation, if any, of the insiders.

4. Section 1129(a)(9): The Plan fails to property account for the payment of priority taxes owed to the Internal Revenue Service or State of North Dakota. The debtor has not filed 2025 taxes returns and those returns are past due. Without completed returns, there is no way to determine if the debtor can pay taxes that might be owed. Also, the Plan does not provide for payment to any accountant for the completion of necessary tax returns.

5. Section 1129(a)(9)(B): The Plan fails to adequately describe priority wages claims and fails to provide that such claims will be paid on the effective date of the plan. Even if these claims were properly treated, there does not appear to be funds available to pay wages claims on the effective date.

6. Plan Article 8.06: This article provides that the trustee will act as disbursing agent. However, it fails to provide any form of compensation for such role and fails to describe how appropriate disbursements will be determined. The trustee anticipates that the cost to print and mail disbursement checks could cost thousands of dollars. Not to mention the fees necessary to review and prepare disbursements. If the trustee will act as disbursing agent, the Plan must be modified to provide that (1) the debtors or debtors' attorney will review all claims; (2) the debtors or the debtors' attorneys will provide a distribution list to the trustee indicating the creditor name, address, amount of allowed claim and amount to be paid/disbursed to each creditor; (3) the method of payment for the trustee's services; (4) whether any final accounting must be filed with the court and if so, how that will be handled.

7. Plan Article 3.02 and Article 7.02: The Plan should disclose the current estimated amount of administrative claims owed to the debtors' attorneys and should disclose the rate of the Estate Representative. Without this information, it is impossible to determine if conversion to Chapter 7 is preferred.

8. Plan Article 7.04: This Article fails to adequately describe how the assets will be sold on the open market and does not account for the costs, such as insurance and storage fees, that might accrue by waiting to sell the assets for six months or more.

WHEREFORE: The trustee requests that confirmation of the debtors' plan be denied.

Dated: October 21, 2026.

By: /e/ *Mary F. Sieling*

Mary F. Sieling
PO Box 1116
Minnetonka, MN 55345
(612) 325-1191
mary@sielinglaw.com

**Subchapter V Trustee**

**VERIFICATION**

I, Mary F. Sieling, the subchapter V trustee, verify that I have read the foregoing objection and declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: October 21, 2026

Mary F. Sieling