IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>JADE PRESENTS, LLC<br><br>Debtor. | Case No. 26-30438<br>(Chapter 11) |
| In re:<br><br>TICKETS300, LLC<br><br>Debtor | Case No. 26-30439<br>(Chapter 11)<br><br>(Jointly Administered) |

**DECLARATION OF JADE NIELSEN IN FAVOR OF CONFIRMATION**

1. My name is Jade Nielsen, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. I am the founder and chief restructuring officer of Jade Presents, LLC ("Jade Presents") and Tickets300, LLC ("T300") (collectively, the "Debtors").

3. In my capacity as chief executive, I have had occasion to review the Debtors' plan of reorganization (the "Plan"), ECF No. 94.

4. Upon consultation with counsel for the Debtors, I believe the Plan is compliant with the provisions of title 11 of the United States Code (the "Bankruptcy Code").

5. Upon consultation with counsel for the Debtors, I believe the Debtors to be in compliance with the Bankruptcy Code.

6. I believe efforts to confirm the Plan are rooted in a good faith belief the Plan represents the optimal means of seeing to the payments of the claims of creditors.

7. I believe the services of Erik Ahlgren as an estate representative handling litigation matters and investigations, alongside myself in connection with efforts to sell hard assets, are consistent with the best interests of creditors and public policy.

8. Upon consultation with counsel for the Debtors, I do not understand any governmental regulatory commission to have jurisdiction over the rates charged by the Debtors, and I more particularly note that the Debtors are no longer actively conducting consumer-facing business affairs

9. Class 3 has voted to accept the Plan.

10. Upon consultation with counsel for the Debtors, I believe the Plan provides for the payment of administrative expense obligations in accord with Section 1191(e) of the Bankruptcy Code.

11. The Plan provides for the payment of tax claims within five years of the date on which the Debtors petitioned for bankruptcy relief.

12. Confirmation of the Plan is not likely to be followed by further liquidation efforts, especially insofar as the Plan is one of liquidation.

13. Upon consultation with counsel for the Debtors, I do not believe any filings fees to be unpaid in connection with this case, nor do I believe any quarterly fees to be due owing to the Untied States Trustee.

14. The Debtors do not owe any retiree benefits.

15. Insofar as the Debtors are not natural persons, it is my good faith belief that the Debtors are not obligated to pay any child support or alimony.

16. Neither of the Debtors are nonprofit entities (or, more precisely, neither qualify as being “not a moneyed” business).

17. Further declarant sayeth naught.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On 11/17/2026

Signed by:
Jade Nielsen
C2E2BEB9E8674E6...

Jade Nielsen